**Rule 515.  Dispositional Order.**

**[A.] (a)**    **Generally.**  When the court enters a disposition after an adjudication of delinquency pursuant to Rule 409(A)(2), the court shall issue a written order in accordance with 42 Pa.C.S. § 6352, which the court has determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, accountability for the offenses committed, and development of the juvenile's competencies to enable the juvenile to become a responsible and productive member of the community.  The order shall include:

(1)    the court's findings pursuant to Rule 512(D)**, including any conditions of probation that, if not enumerated in the order, shall be attached to the order**;

(2)    a designation whether the case is eligible pursuant to 42 Pa.C.S. § 6307(b)(1.1)(i) for limited public information;

(3)    a directive that the juvenile shall submit to fingerprinting and photographing by, or arranged by, the law enforcement agency that submitted the written allegation in all cases in which the juvenile has not previously been fingerprinted or photographed;

(4)    the date of the order; and

(5)    the signature and printed name of the judge entering the order.

**[B.] (b)**    **Financial Obligations.**  If the court orders the payment of fines, costs, fees, or restitution, pursuant to 42 Pa.C.S. § 6352(a)(5) and (6), the amounts shall be reasonable and as deemed appropriate as part of a plan of rehabilitation considering the nature of the acts committed and the earning capacity of the juvenile.  The dispositional order shall include:

(1)    the specific amounts of fines, costs, fees, or restitution to be paid by the juvenile;

(2)    to whom each of the financial obligations shall be paid; and

(3)    a payment schedule based upon the juvenile's ability to pay according to the dispositional order.

**[C.] (c)**      **Guardian Participation.**    The dispositional order shall include any conditions, limitations, restrictions, and obligations imposed upon the guardian.

**[D.] (d)**      **Disposition Reporting.** The court shall forward the case disposition to the Juvenile Court Judges' Commission, as required by the Commission.

**Comment**

*See* 42 Pa.C.S. § 6352 regarding disposition of a delinquent child.

**Courts shall impose the conditions of probation at the time of disposition. *See* Pa.R.J.C.P. 512(D)(3). If the imposed conditions of probation are not enumerated in the dispositional order itself, the court shall attach them to the order pursuant to subdivision (a)(1).**

Pursuant to **[paragraph (A)(2)] subdivision (a)(2)**, the court is to determine if the case is eligible for limited public information under the requirements of 42 Pa.C.S. § 6307(b)(1.1)(i). *See* 42 Pa.C.S. § 6307(b)(2). When the case is designated, the clerk of courts is to mark the file clearly. For information that is available to the public in those eligible cases, see Rule 160.

*See* 23 Pa.C.S. § 5503 and 42 Pa.C.S. §§ 6308, 6309 **[&], and** 6310.

Pursuant to **[paragraph (B)] subdivision (b)**, financial obligations may be imposed as a plan of rehabilitation consistent with the goals of balanced and restorative justice: 1) the protection of the community; 2) the imposition of accountability for offenses committed; and 3) the development of competencies to enable the juvenile to become a responsible and productive member of the community. *See* 42 Pa.C.S. § 6352(a).

In determining the amount of the financial obligation pursuant to **[paragraph (B)] subdivision (b)**, the judge may include a contribution to a restitution fund. *See* 42 Pa.C.S. §§ 6352(a)(5)-(6). A juvenile's earning capacity can be determined by examining factors including, but not limited to, the juvenile's physical and intellectual capabilities, maturity, education, work history, availability of suitable employment, and the priority of other uses of earnings, including essential goods and services, dependents, and the pursuit of higher education. The court may also order non-financial obligations consistent with the principles of balanced and restorative justice.

Assuming the court finds the juvenile has a sufficient earning capacity to impose a reasonable financial obligation, the court should determine the juvenile's present ability to pay the financial obligation in accordance with the payment schedule pursuant to

**[paragraph (B)(3)]** <u>subdivision (b)(3)</u>.  In determining a payment schedule, the court should include the frequency, amount, and duration of payments.  A juvenile with a present ability to satisfy a financial obligation may be placed on an immediate and full payment schedule.

When a disposition is no longer consistent with the goals of balanced and restorative justice, a juvenile's plan of rehabilitation may be changed through a dispositional review hearing and modification of dispositional order, including an adjustment of financial obligations.  *See* Rule 610(A)-(B).

The court shall retain jurisdiction over the juvenile until the juvenile attains 21 years of age, or supervision has been terminated upon completion of the terms of the dispositional order and satisfaction of financial obligations, or otherwise.  *See* 42 Pa.C.S § 6352(a)(5)*; see also* Rules 630 (Loss of Court Jurisdiction), 631 (Termination of Court Supervision) and 632 (Early Termination of Court Supervision by Motion).

**[Official Note:  Rule 515 adopted April 1, 2005, effective October 1, 2005.  Amended August 20, 2007, effective December 1, 2007.  Amended July 28, 2009, effective immediately.  Amended December 24, 2009, effective immediately.  Amended April 29, 2011, effective July 1, 2011.  Amended February 13, 2019, effective June 28, 2019.  Amended October 22, 2021, effective April 1, 2022.**

***Committee Explanatory Reports:***

**Final Report explaining the provisions of Rule 515 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005).  Final Report explaining the amendments to Rule 515 published with the Court's Order at 37 Pa.B. 4866 (September 8, 2007). Final Report explaining the amendment to Rule 515 published with the Court's Order at 39 Pa.B. 4743 (August 8, 2009).  Final Report explaining the amendments to Rule 515 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010).  Final Report explaining the amendments to Rule 515 published with the Courts Order at 41 Pa.B. 2413 (May 14, 2011).  Final Report explaining the amendments to Rule 515 published with the Court's Order at 49 Pa.B. 916 (March 2, 2019).  Final Report explaining the amendments to Rule 515 published with the Court's Order at 51 Pa.B. __ (__ __, 2021).]**